# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ALAN BREWER, | Case No. 1:24-cv-00918-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO RELATE CASES AS MOOT, DENY RESPONDENT'S MOTION TO DISMISS AS MOOT, GRANT RESPONDENT'S MOTION TO SET NEW BRIEFING SCHEDULE, AND GRANT PETITIONER'S MOTION TO AMEND |
| v. | |
| FCI MENDOTA WARDEN, | |
| Respondent. | |
| | (ECF Nos. 5, 6) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Stephen Alan Brewer is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the undersigned recommends denying Respondent's motion to relate cases and motion to dismiss as moot, granting Respondent's motion to set new briefing schedule, and granting Petitioner's motion to amend.

## I.

## BACKGROUND

On August 8, 2024, Petitioner filed a petition for writ of habeas corpus commencing the instant matter. (ECF No. 1.) The petition lists Petitioner's full name as "Stephen Alan Brewer," Petitioner's identification number as "19630-045," and Petitioner's place of confinement as FCI Marion in Illinois. (Id. at 1, 9.[1]) However, the petition also states that "FCI Mendota . . . is the

---

[1] Page numbers refer to the pagination stamped at the top of the page.

1   BOP Facility where Petitioner is presently housed" and in a copy of a staff request attached as an

2   exhibit to the petition, Petitioner's identification number is listed as 78415-097. (ECF No. 1 at

3   10, 20.) Petitioner's sole claim for relief is that the Federal Bureau of Prisons ("BOP") is

4   refusing to apply prior jail credit to Petitioner's imposed custodial sentence as required by 18

5   U.S.C. § 3585. (Id. at 6.) On August 12, 2024, the Court ordered Respondent to respond to the

6   petition. (ECF No. 4.)

7        On September 12, 2024, Stephen Alan Brewer filed a § 2241 petition in the Sacramento

8   Division. (Petition, Brewer v. Warden, No. 2:24-cv-02485-CKD (E.D. Cal. Sept. 12, 2024), ECF

9   No. 1.[2]) That petition lists the petitioner's full name as "Stephen Alan Brewer," Petitioner's

10  identification number as "78415-097," and Petitioner's place of confinement as FCI Mendota in

11  California. (Id. at 1.)

12       On October 5, 2024, Respondent filed motions to dismiss in the instant matter and the

13  other case in Sacramento. (ECF No. 5; Motion to Dismiss, Brewer, No. 2:24-cv-02485-CKD

14  (E.D. Cal. Oct. 5, 2024), ECF No. 3.) On October 16, 2024, the motion to dismiss was stricken

15  as prematurely filed in the Sacramento case and that petition was transferred to the Fresno

16  Division. (Order, Brewer, No. 2:24-cv-02485-CKD (E.D. Cal. Oct. 16, 2024), ECF No. 4; Order,

17  Brewer v. Warden, No. 1:24-cv-1258-HBK (E.D. Cal. Oct. 16, 2024), ECF No. 4.) On October

18  30, 2024, the petition in No. 1:24-cv-1258-HBK was construed as a motion to amend in the

19  instant matter before the undersigned and No. 1:24-cv-1258-HBK was administratively closed.

20  (Order, Brewer, No. 1:24-cv-1258-HBK (E.D. Cal. Oct. 30, 2024), ECF No. 6.)

21                                    **II.**

22                               **DISCUSSION**

23       Respondent moves for "the matters, denoted 1:24-CV-00918-EPG and 2:24-CV-02485-

24  CKD, be related before the initially assigned jurist in a single denoted matter," the current

25  briefing schedule in each matter to be vacated, and "this Court [to] set a revised briefing

26  schedule (to allow Petitioner opportunity to file Amended Petition grounds and to allow

27  _____

28  [2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d
    118, 119 (9th Cir. 1980).

                                        2

Respondent time to address the Amended Petition grounds)." (ECF No. 5 at 3.) Respondent also moves to dismiss the instant matter because "[b]ased on the plain text of the petition in 1:24-CV-00918-EPG, since Petitioner Brewer declared confinement at FCI-Marion, which is in Illinois, as a threshold matter of law, venue is barred in the Eastern District of California." (ECF No. 5 at 2 n.3.)

Generally, "where a new *pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." Woods v. Carey, 525 F.3d 886, 888–90 (9th Cir. 2008); see also Grullon v. Ashcroft, 374 F.3d 137, 138 (2d Cir. 2004) (per curiam) (applying this line of reasoning to a § 2241 petition). Here, Petitioner filed a petition for writ of habeas corpus commencing the instant matter on August 8, 2024. Thereafter, a new *pro se* petition was filed on September 12, 2024 in the Sacramento Division and then transferred to the Fresno Division. As set forth above, the new petition has been construed as a motion to amend in the instant matter and the other case has been administratively closed. Given that there are no longer multiple cases, the Court finds that Respondent's motion to relate cases should be denied as moot.

The Court now turns to whether amendment should be granted. A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). But "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

After reviewing both the original petition and the new *pro se* petition, the only notable change in substance between the two that the Court can discern is the correction of Petitioner's identification number and place of confinement to reflect that Petitioner is housed at FCI Mendota. It appears that the original petition's listing of Petitioner's identification number as "19630-045" and Petitioner's place of confinement as FCI Marion was in error. Register number "19630-045" is assigned to a Stephen **B.** Brewer. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search by "BOP Register Number" for "19630-045") (last visited Dec. 3, 2024).[3] The Court has been serving Petitioner by mailing documents to FCI Marion. The Court received a voicemail message from a BOP attorney informing the Court that an inmate approached him with a mailing intended for Petitioner that was received in error. Based on the foregoing, the original petition contained incorrect information regarding Petitioner's identification number and place of confinement, and the new petition correctly states that Petitioner is confined at FCI Mendota, which, in turn, means that venue is proper in the Eastern District of California. Accordingly, the Court finds that amendment should be granted and thus, Respondent's motion to dismiss the original petition should be denied as moot.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to relate cases and motion to dismiss (ECF No. 5) be DENIED as MOOT;

2. Respondent's motion to set new briefing schedule (ECF No. 5) be GRANTED; and

3. Petitioner's motion to amend (ECF No. 6) be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file

---

[3] The Court may take judicial notice of publicly available information from the BOP Inmate Locator. United States v. Basher, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011).

written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __December 4, 2024__          __/s/ Erica P. Grosjean__
                                        UNITED STATES MAGISTRATE JUDGE