# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN ALAN BREWER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FCI MENDOTA WARDEN,<br><br>　　　　　Respondent. | Case No. 1:24-cv-00918-KES-EPG-HC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S OMNIBUS MOTION<br><br>FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS AND TERMINATE RESPONDENT'S MOTION TO DISMISS<br><br>(ECF Nos. 10, 13, 14) |

Petitioner Stephan Alan Brewer is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed herein, the undersigned recommends granting Petitioner's omnibus motion in part, denying the petition for writ of habeas corpus, and terminating Respondent's motion to dismiss.

## I.

## BACKGROUND

**A. State Criminal Proceedings**

On March 12, 2019, Petitioner was arrested by California state authorities in Case No. TA149026. (ECF No. 14-1 at 2, 21, 23.[1]) Petitioner had an active warrant in unrelated California

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  Case No. F18904126 (later Case No. F21905295) and was on parole in unrelated California Case
2  No. F17903998. (ECF No. 14-1 at 2.) On June 6, 2019, Case No. F18904126 was dismissed.[2]
3  (ECF No. ECF No. 14 at 2; 14-1 at 2.) On June 14, 2019, Petitioner was sentenced to a state
4  imprisonment term of two years in Case No. TA149026. (ECF No. 14-1 at 2–3, 26.)

### B. Federal Criminal Proceedings

Meanwhile on March 20, 2019, a federal indictment was filed against Petitioner in the United States District Court for the Southern District of Iowa. Indictment, United States v. Brewer, No. 4:19-cr-00050-RGE-HCA (S.D. Iowa Mar. 20, 2019), ECF Nos. 1, 2.[3] On August 30, 2019, Petitioner was transferred to the custody of the United States Marshals Service ("USMS") via a writ of habeas corpus ad prosequendum. (ECF No. 14-1 at 3, 75, 77–79.) On January 14, 2021, Petitioner was sentenced to an imprisonment term of 125 months for conspiracy to distribute at least 500 grams of a mixture and substance containing methamphetamine. (ECF No. 14-1 at 3, 12–13.)

### C. Federal Habeas Proceedings

On August 8, 2024, Petitioner filed a petition for writ of habeas corpus commencing the instant matter. (ECF No. 1.) On September 12, 2024, Petitioner filed a § 2241 petition in the Sacramento Division. Petition, Brewer v. Warden, No. 2:24-cv-02485-CKD (E.D. Cal. Sept. 12, 2024), ECF No. 1. On October 5, 2024, Respondent filed motions to dismiss in the instant matter and the other case in Sacramento. (ECF No. 5; Motion to Dismiss, Brewer, No. 2:24-cv-02485-CKD (E.D. Cal. Oct. 5, 2024), ECF No. 3.) On October 16, 2024, the motion to dismiss was stricken as prematurely filed in the Sacramento case and that petition was transferred to the Fresno Division. Order, Brewer, No. 2:24-cv-02485-CKD (E.D. Cal. Oct. 16, 2024), ECF No. 4;

---

[2] On July 8, 2021, Case No. F18904126 was refiled and the case number was changed to Case No. F21905295. (ECF No. 14-1 at 3, 81, 83.) Case No. F21905295 was dismissed on January 6, 2022. (Id. at 3, 86.)

[3] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

2

1 Order, <u>Brewer v. Warden</u>, No. 1:24-cv-1258-HBK (E.D. Cal. Oct. 16, 2024), ECF No. 4. On
2 October 30, 2024, the petition in No. 1:24-cv-1258-HBK was construed as a motion to amend in
3 the instant matter and No. 1:24-cv-1258-HBK was administratively closed. Order, <u>Brewer</u>, No.
4 1:24-cv-1258-HBK (E.D. Cal. Oct. 30, 2024), ECF No. 6. On February 11, 2025, the Court
5 denied the motion to dismiss as moot and granted Petitioner leave to file an amended petition.
6 (ECF No. 9.)

7       On February 13, 2025, Petitioner filed a first amended petition ("FAP"), asserting that the
8 Federal Bureau of Prisons ("BOP") is refusing to apply prior jail credit to Petitioner's imposed
9 custodial sentence as required by 18 U.S.C. § 3585. (ECF No. 10 at 6.) On March 26, 2025,
10 Petitioner filed an omnibus motion wherein he moves to correct his name on the docket, update
11 custodial information, and transfer venue. (ECF No. 13.) On April 14, 2025, Respondent filed a
12 motion to dismiss and response to the petition, arguing that the petition should be dismissed for
13 failure to exhaust administrative remedies and denied on the merits. (ECF No. 14.) On June 18,
14 2025, Petitioner filed an opposition. (ECF No. 15.)

15 <center>**II.**</center>
16 <center>**DISCUSSION**</center>

17   **A. Petitioner's Omnibus Motion**

18       On March 26, 2025, Petitioner filed an omnibus motion wherein he requests the Court to
19 correct the spelling of his name on the docket, update his custodial information to reflect he has
20 been transferred from FCI Mendota to the United States Penitentiary Big Sandy,[4] and transfer
21 this action to the United States District Court for the Eastern District of Kentucky.[5] (ECF No.
22 13.) The Court will grant the motion in part to the extent Petitioner seeks to correct the spelling
23 of his name and to update his custodial information on the docket.

---

[4] In the opposition to the motion to dismiss, Petitioner informs the Court that he has been subsequently transferred and is currently incarcerated at FCI Otisville. (ECF No. 15 at 5.)

[5] In the opposition to the motion to dismiss, Petitioner acknowledges that "this Court, the Eastern District of California, clearly retains jurisdiction and is fully empowered to adjudicate the pending Motion to Dismiss[.]" (ECF No. 15 at 5.) However, Petitioner notes that should this Court "contemplate exercising its discretion to transfer venue for reasons such as convenience or to facilitate access to the current custodian, the Southern District of New York would now be the appropriate transferee district as it is the current district of confinement." (ECF No. 15 at 5–6.)

1       With respect to venue, "when the Government moves a habeas petitioner after she
2 properly files a petition naming her immediate custodian, the District Court retains jurisdiction
3 and may direct the writ to any respondent within its jurisdiction who has legal authority to
4 effectuate the prisoner's release." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). Here, the
5 original petition and the FAP were properly filed in this Court naming Petitioner's immediate
6 custodian, the Warden of FCI Mendota. "[J]urisdiction attaches on the initial filing for habeas
7 corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying
8 custodial change." Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (quoting Francis v.
9 Rison, 894 F.2d 353, 354 (9th Cir. 1990)). Accordingly, the Court will deny Petitioner's request
10 to transfer this matter.

11       **B. Merits Analysis**

12       "Title 18 U.S.C. § 3585 governs the calculation of the length of a federal criminal
13 sentence." Zavala v. Ives, 785 F.3d 367, 370 (9th Cir. 2015). "Under the statute, a term of
14 imprisonment begins 'on the date the defendant is received in custody awaiting transportation to,
15 or arrives voluntarily to commence service of sentence at, the official detention facility at which
16 the sentence is to be served.'" Id. (quoting 18 U.S.C. § 3585(a)). The Ninth Circuit has
17 "interpret[ed] 'custody' in § 3585(a) as 'legal custody,' meaning that the federal government has
18 both physical custody of the defendant and the primary jurisdiction necessary to enforce the
19 federal sentence." Johnson v. Gill, 883 F.3d 756, 764 (9th Cir. 2018). "18 U.S.C. § 3585(b)
20 allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before
21 imposition of his federal sentence, but only if that term of pre-sentence imprisonment 'has not
22 been credited against another sentence.'" Schleining v. Thomas, 642 F.3d 1242, 1245 n.2 (9th
23 Cir. 2011) (emphasis deleted) (quoting 18 U.S.C. § 3585(b)). See United States v. Wilson, 503
24 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit
25 for his detention time.").

26       On June 14, 2019, Petitioner was sentenced in the Los Angeles County Superior Court to
27 a state imprisonment term of two years in Case No. TA149026 for possession of a firearm. (ECF
28 ///

1  No. 14-1 at 2–3.) The court ordered credit for ninety-five days.[6] (ECF No. 14-1 at 3, 33.) On
2  March 11, 2020, Petitioner satisfied his state sentence in Case Nos. TA149026 and F17903998.
3  (ECF No. 14-1 at 3, 66–68.) BOP records reflect that Petitioner's service of his federal
4  incarceration term commenced on January 14, 2021, and the BOP granted Petitioner presentence
5  credit from March 12, 2020 through January 13, 2021. (ECF No. 14-1 at 3, 10.)

6        Petitioner disputes this amount of presentence credit and appears to contend that he is
7  entitled to presentence credit from when the federal detainer issued on March 19, 2019, arguing
8  that "[w]hen a federal detainer is the sole reason an individual remains incarcerated, effectively
9  preventing release on state bond, that period of detention becomes attributable to federal
10 authority for sentence credit purposes under § 3585, transforming the nature of the confinement
11 irrespective of which sovereign made the initial arrest." (ECF No. 15 at 8–9.) Petitioner argues
12 that "the time served in state detention should be credited towards his federal sentence" and that
13 "awarding federal credit for this disputed period does not necessarily result in impermissible
14 'double crediting' under 18 U.S.C. § 3585(b)" because if Petitioner "can demonstrate that the
15 state custody was solely due to the federal detainer making state release impossible, then that
16 time was not truly 'credited against another sentence' in the sense that § 3585(b) intends to
17 prevent, because 'but for' the federal action, there would have been no such state confinement to
18 credit." (ECF No. 15 at 9–10.)

19       The Ninth Circuit has directly addressed the issue raised by Petitioner, holding that a
20 "prisoner in state custody who cannot secure his release on bail because of a federal detainer is
21 entitled to credit against his federal sentence for the time he would otherwise be out free on bail."
22 Boniface v. Carlson, 856 F.2d 1434, 1436 (9th Cir. 1988). "To secure this credit, however, the
23 prisoner must establish not only that the federal detainer was the sole reason for the denial of
24 bail, but also that the *state did not credit his state sentence for that time*." Id. (emphasis added)
25 (citations omitted). Even if Petitioner can establish that the federal detainer was the sole reason
26 he was denied release on bail, Petitioner would not be entitled to credit against his federal

---

[6] This ninety-five-day credit encompassed the time Petitioner spent in state custody from March 11, 2019 through June 13, 2019.

5

sentence for the time spent in state custody from March 19, 2019 through August 29, 2019, because he received credit on his state sentence for that detention time. As noted above, the Los Angeles County Superior Court ordered credit for ninety-five days, which encompassed the time Petitioner spent in state custody from March 11, 2019 through June 13, 2019. Thereafter, Petitioner was serving time on his imprisonment term in Case No. TA149026.

To the extent Petitioner asserts that he is entitled to presentence credit from when he was transferred to the custody of the USMS via a writ of habeas corpus ad prosequendum on August 30, 2019, Petitioner is not entitled to credit against his federal sentence for that time. Again, "18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment '*has not been credited against another sentence.*'" Schleining, 642 F.3d at 1245 n.2 (emphasis in original) (quoting 18 U.S.C. § 3585(b)).

"It is well established that if a sovereign takes a defendant into its custody before another sovereign has done so, then the arresting sovereign establishes its primary jurisdiction and may give effect to its sentence before other sovereigns may do so." Johnson, 883 F.3d at 764–65 (citing Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir. 1991)). "A sovereign's priority terminates when the sentence expires, charges are dismissed, or the prisoner is allowed to go free." Johnson, 883 F.3d at 765. "[W]hen one sovereign transfers a defendant to another sovereign," determining when the federal government obtains primary jurisdiction "turns on whether the state with primary jurisdiction intended to surrender its priority upon transfer or merely transferred temporary control of the defendant to the federal government." Johnson, 883 F.3d at 765. "[A] state's transfer of temporary control of the defendant 'extends no further than it is intended to extend[.]'" Id. (quoting Zerbst v. McPike, 97 F.2d 253, 254 (5th Cir. 1938)).

> "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that 'borrowed' status, transforming a state prisoner into a federal prisoner."

Thomas, 923 F.2d at 1367 (quoting Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978)).

Here, Petitioner was transferred to federal custody on August 30, 2019, pursuant to a petition for writ of habeas corpus ad prosequendum. Therefore, Petitioner was considered "on loan" to the federal authorities, the state retained primary jurisdiction, and Petitioner was still serving time on his imprisonment term in Case No. TA149026 while in federal custody. The record before this Court includes documentation that reflects that Petitioner satisfied his state imprisonment term on March 11, 2020, while he was in federal custody. (ECF No. 14-1 at 3, 66–68.) Thus, the time Petitioner spent in federal custody from August 30, 2019 to March 11, 2020 was credited against his state sentence, and Petitioner is not entitled to credit against his federal sentence for that same time period. See Wilson, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").[7]

### III.

### ORDER & RECOMMENDATION

Accordingly, the Court HEREBY ORDERS that:

1. Petitioner's omnibus motion (ECF No. 13) is GRANTED IN PART with respect to correcting Petitioner's name and updating custodial information and DENIED IN PART with respect to the transfer of venue; and

2. The Clerk of Court is DIRECTED to:

   a. Amend Petitioner's name to Stephan Alan Brewer; and

   b. Update Petitioner's address to:

   > FCI Otisville
   > P.O. Box 1000
   > Otisville, NY 10963

Further, the undersigned HEREBY RECOMMENDS that the first amended petition for writ of habeas corpus (ECF No. 10) be DENIED and that Respondent's motion to dismiss (ECF

---

[7] In light of the Court's conclusion that Petitioner is not entitled to habeas relief on the merits of his petition, the Court declines to address Respondent's argument that dismissal is warranted for nonexhaustion. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) ("This exhaustion requirement in § 2241 cases . . . is not a 'jurisdictional prerequisite.'" (citation omitted)). Accordingly, the undersigned will recommend that the motion to dismiss be terminated.

7

No. 14) be TERMINATED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 18, 2025**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE